(No. 23249.—

IN THE MATTER OF THE GUARDIANSHIP OF ROBERT M. LUTZ.—(JOHN P. LUTZ, Guardian, Appellee, *vs.* EUGENE E. FAYART *et al.* Appellants.)

*Opinion filed February 19, 1936—Rehearing denied April 10, 1936.*

BROWN, HAY & STEPHENS, (LOGAN HAY, PAUL W. GORDON, LEIGH M. KAGY, and CHARLES G. BRIGGLE, JR., of counsel,) for appellants.

HOOPES & PEFFERLE, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The probate court of Sangamon county issued a citation against Eugene E. Fayart and Louis E. Fayart to show cause why they should not refund the amount paid them by the former guardian of Robert M. Lutz in consideration of certain notes purchased by her. Upon a hearing the court ordered the money refunded, with compound

interest. An appeal was taken to the circuit court, where a like order was entered. This order was affirmed by the Appellate Court for the Third District, and leave to appeal to this court has been allowed.

The facts as stipulated were as follows: Appellants were engaged in the loan business, lending the money of their clients on first mortgages. Cora C. Lutz was the former guardian of Robert M. Lutz. In 1925 Mary J. Travers and William L. Travers executed twenty promissory notes for $1000 each, payable to the order of Eugene E. Fayart, secured by a first mortgage on an apartment building in Springfield appraised at $41,000. The notes were due October 1, 1930, and were of equal priority. Within a few days after the execution of the mortgage and notes, Cora C. Lutz, as such guardian, invested $5000 in five of the notes. The other notes were acquired by other clients of the firm. No assignment of the mortgage was ever made and the legal title thereto remained in Eugene E. Fayart. Appellants knew the money invested by Cora C. Lutz was the property of the minor and that she invested it as his guardian. She did not obtain the probate court's approval of the investment but later made three annual reports, in which she disclosed it. These reports were approved. Default was made in payment of the principal and interest at maturity. All the notes, including those purchased by the guardian, were deposited with Fayart, who foreclosed the mortgage and took title in his own name for the benefit of the note holders. A trust agreement was drawn, but Cora C. Lutz refused to sign it. She resigned as guardian, and John P. Lutz, appellee, was appointed as her successor. Thereafter he caused the citation to be issued by the probate court. At the time the suit was instituted the mortgaged property was worth approximately one-half the debt.

It is contended that a guardian cannot legally invest a ward's money in a portion of an issue of notes even though

all are secured by a first mortgage and are on a parity as to payment, but we have held against that contention. *In re Estates of Lalla, ante,* p. 621.

Appellants say that the Appellate Court erred in holding the investment was not approved by the probate court, but appellee insists that this contention was not briefed or argued and was therefore abandoned. However, the briefs show a claim was made that prior approval of an investment by the probate court is not always essential and that a subsequent approval under special circumstances will suffice. *Bruner* v. *Wolford,* 356 Ill. 514, was cited in support of that contention. Therefore the position of appellants was not abandoned. Appellants further contended that it is immaterial whether the guardian ever secured an approval of the court, and that while Cora C. Lutz might be guilty of a breach of trust for not having secured approval, yet the purchase was legal and a breach by the guardian could not be charged to them. Whether this contention was tenable or not, it cannot be construed into an abandonment of the first contention. They had a right to insist upon both.

A guardian has no authority, in law, to make an investment of this character without the court's approval, and if he does so it is at his peril. But the court may give approval to his unauthorized act and thus excuse his breach. In *Bruner* v. *Wolford, supra,* the evidence showed that the conservator's reports disclosed his unauthorized investments, that he exhibited the notes and bonds to the court, and that his reports were approved. Under the facts we held that the court had given approval to the investments and that there was no *devastavit.* The stipulation here does not disclose that the guardian exhibited the notes with her reports. That question is not before us, and it is unnecessary to determine whether a failure to exhibit them would have any effect upon the approval of the loan. The reports of the guardian were approved by the probate

court, and in the absence of any showing to the contrary we must presume that the act of the court was properly performed. (*Bond* v. *Lockwood*, 33 Ill. 212; *People* v. *Miller*, 339 id. 573.) Since the former guardian was in effect discharged from legal liability for her purchase, her assignors were likewise discharged. The conclusion follows that the order to refund was erroneous and that the rule against appellants should have been discharged.

The order of the Appellate Court is reversed and the rule is discharged. *Order reversed and rule discharged.*